IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 20 2025

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

KALLEE ALLEN, individually and as next friend of
VIVIAN ALLEN, a minor

Plaintiffs,

v.            Case No. 4:25-cv-626-LPR

HOT SPRINGS SCHOOL DISTRICT; and
ARKANSAS DEPARTMENT OF EDUCATION

This case assigned to District Judge __Rudofsky__
and to Magistrate Judge __Moore__

Defendants.

## COMPLAINT

COME the Plaintiffs, by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**, and, this Complaint, they state:

### INTRODUCTION

1. This is an action brought under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12132; the Arkansas Civil Rights Act (ACRA); and Arkansas state tort law.

2. Plaintiffs seek damages and injunctive relief arising from Defendants' failure to provide Vivian Allen, a child with profound disabilities, a Free Appropriate Public Education (FAPE), in violation of federal and state law.

### PARTIES

3. Plaintiff Kallee Allen is the mother and legal guardian of Vivian Allen, a ten-year-old child with multiple disabilities. They reside in Hot Springs, Garland County, Arkansas.

4. Defendant Hot Springs School District ("District") is a public school district and Local Education Agency (LEA) subject to the requirements of IDEA, Section 504, and ADA.

5. Defendant **Jacob Oliva** is sued in his official capacity under Ex Parte Young and is the current Arkansas Commissioner of Education (effectively the state's education director). Arkansas Department of Education ("ADE") is the State Education Agency (SEA) and the supervising LEA responsible for ensuring district compliance with special education laws under IDEA and federal regulations.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 for federal questions and civil rights violations. Supplemental jurisdiction is proper under 28 U.S.C. § 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this Complaint occurred in Pulaski County, Arkansas, and Department of education is headquartered in Pulaski County.

## GENERAL FACTUAL ALLEGATIONS

8. Vivian Allen was born on February 25, 2015, at 33 weeks gestation via emergency C-section. She was septic, underwent ileostomy surgery, remained on a ventilator for two weeks, and spent 96 days in the NICU.

9. Vivian was later diagnosed with cerebral palsy, epilepsy, autism, sensory processing disorder, GERD, and communication impairments. She remains nonverbal and uses a communication device. She is not toilet trained and requires full-time supervision and assistance.

10. Vivian began receiving speech, occupational, and physical therapy in infancy. She continues to need all three to access and benefit from her education.

11. Vivian began attending school in the Hot Springs School District in kindergarten. During 2nd and 3rd grade, she had a one-on-one aide, Trina Heindl, which allowed her to make some progress.

12. In 4th grade, her aide was removed. An unqualified aide assigned to her quit on the first day. Another aide, Tracy Guinn, was assigned after weeks of delay, but left due to injury in March 2025. The District did not provide a replacement and did not notify Plaintiff of the loss.

13. Vivian experienced three seizures during the 2024–2025 school year. Her IEP included instructions to prevent her from sleeping at school due to seizure risk. Nonetheless, staff allowed Vivian to sleep—once for nearly an entire day.

14. Vivian was left alone, unsupervised in the classroom on multiple occasions. Her teachers admitted to being the only adult in the room. Video footage confirming these facts has never been produced despite requests.

15. The District failed to provide required PT, OT, and Speech services. Vivian's attendance in Art, Music, and Technology classes was sporadic and undocumented until Plaintiff obtained teacher emails confirming minimal participation.

16. Vivian's physical therapist reported during an IEP meeting that Vivian was routinely asleep when he came to deliver services.

17. Lisa Bryant, a District administrator, instructed Plaintiff not to communicate directly with the IEP team—an action discriminatory on its face and functionally denying advocacy for Vivian.

18. Plaintiff and Vivian have suffered immense emotional and physical distress due to these violations. The family has required therapy and ongoing treatment due to trauma resulting from the District's neglect.

19. The District is a mandatory reporter under Ark. Code Ann. § 12-18-201 et seq. It failed to report the neglect of Vivian as required by law, despite her being placed in demonstrable risk.

20. ADE has failed to exercise its oversight duties as required by IDEA and federal regulations. Despite notice of violations, it has not enforced standards or required corrective action.

## COUNT I – VIOLATION OF THE IDEA (20 U.S.C. § 1400 et seq.)

**(Against Hot Springs School District)**

21. The IDEA mandates that students with disabilities be provided a Free Appropriate Public Education (FAPE) tailored to their individual needs through an enforceable Individualized Education Program (IEP).

22. Vivian Allen's IEP mandated one-on-one supervision, speech therapy, occupational therapy, physical therapy, seizure precautions, and structured instruction.

23. In the 2024–2025 school year, Hot Springs School District failed to implement that IEP in the following ways:

a. After Vivian's long-time aide, Trina Heindl, resigned, her replacement quit after one day and no trained aide was provided for several weeks. When Tracy Guinn was later assigned, she was removed in March 2025 due to injury, and the District never informed Plaintiff.

b. Vivian's IEP and medical records stated she was not to be allowed to sleep at school due to her seizure risk. Nonetheless, on multiple occasions, including October 2024, January 2025, and April 30, 2025, Vivian was permitted to sleep for prolonged periods. On April 30, Vivian slept nearly the entire school day.

c. Vivian missed numerous speech, OT, and PT sessions. Her physical therapist stated in a meeting that Vivian was regularly asleep when therapy was scheduled. Emails from therapy staff corroborate chronic under delivery of required services.

24. As a direct result, Vivian regressed in multiple developmental areas, experienced increased seizure activity, and suffered emotional and behavioral deterioration.

25. These failures violate the IDEA's requirement that the District provide FAPE in accordance with a valid IEP and are subject to enforcement under 20 U.S.C. §§ 1412(a)(1), 1414(d), and 1415.

## COUNT II – SECTION 504 OF THE REHABILITATION ACT (29 U.S.C. § 794)

**(Against Hot Springs School District)**

26. Section 504 prohibits discrimination on the basis of disability by any program or activity receiving federal financial assistance. The District receive federal financial Aid.

27. Vivian is a qualified individual with disabilities. Hot Springs School District receives federal funding and is subject to Section 504.

28. The District discriminated against Vivian by:

a. Denying her participation in general education activities including Art, Music, and Technology. Emails confirm these teachers rarely saw Vivian due to her remaining isolated and/or asleep.

b. Denying her physical access to services by not providing the required aide, despite knowledge of her inability to self-care, communicate without assistance, or transition between activities.

c. Failing to accommodate her seizure disorder by knowingly allowing her to sleep at school, contrary to her IEP and medical directives.

29. This disparate treatment excluded Vivian from educational opportunities and created emotional distress, regression, and health complications.

## COUNT III – TITLE II OF THE AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12132)

**(Against Hot Springs School District)**

30. Title II of the ADA prohibits public entities from excluding qualified individuals with disabilities from participation in or denying the benefits of public services.

31. Vivian was excluded from the benefit of her public education because:

a. The District denied her equal access to therapeutic services and supervision while offering such access to nondisabled peers who did not need those services.

b. The District placed a blanket communication ban on Plaintiff's access to Vivian's IEP team, communicated by administrator Lisa Bryant, something that would never be done to the parent of a nondisabled child.

    c. Vivian was routinely segregated from classroom peers by being placed in a back room with a mat or couch where she would sleep through the day rather than receive instruction.

32. These actions constitute discrimination under the ADA and were done with knowledge of Vivian's rights and needs.

## COUNT IV – VIOLATION OF THE ARKANSAS CIVIL RIGHTS ACT (Ark. Code Ann. § 16-123-101 et seq.)

**(Against Hot Springs School District)**

33. Defendant violated the ACRA by treating Vivian differently based solely on her disability.

34. The District removed essential support from Vivian's educational program that were necessary for her access and safety.

35. It further discriminated against her by directing Plaintiff not to communicate with her IEP team restriction that would never be placed on a similarly situated nondisabled student's parent.

36. The result was a segregated, harmful, and ineffective educational experience in violation of Arkansas civil rights law.

## COUNT V – FELONY TORT: FAILURE TO REPORT (Ark. Code Ann. §§ 12-18-201, 16-118-107)

**(Against Hot Springs School District)**

37. All teachers, aides, therapists, and administrators at the District are mandatory reporters under Arkansas law.

38. Despite direct knowledge that:

a. Vivian was allowed to sleep unsupervised despite seizure risk;

b. Vivian was left without the aide her IEP required;

c. Vivian was frequently left unattended, including on April 25, 2025, when a teacher stated she was the only adult present;

No report was made to the Arkansas Child Maltreatment Hotline.

39. The failure to report known neglect constitutes a Class C felony under Ark. Code Ann. § 12-18-206 and is actionable under Arkansas's felony tort statute, Ark. Code Ann. § 16-118-107.

## COUNT VI – NEGLIGENCE

**(Against Hot Springs School District)**

40. The District owed a duty to supervise and protect Vivian during the school day, consistent with her IEP and medical needs.

41. The District breached this duty by:

a. Failing to provide proper staffing,

b. Ignoring seizure prevention protocols,

c. Denying therapy services required under IDEA,

d. Failing to inform Plaintiff about aide absences, and

e. Permitting sleep and unsupervised isolation.

42. These breaches caused foreseeable harm—namely, regression, increased seizure activity, and emotional trauma.

## COUNT VII – FAILURE TO ENFORCE IDEA AND FAPE REGULATIONS

**(Against Arkansas Department of Education)**

43. As the SEA and LEA, ADE is obligated to ensure compliance with the IDEA and Section 504 by all public-school districts under its jurisdiction.

44. Despite multiple notice points and the ongoing deprivation of FAPE to Vivian, ADE failed to:

a. Conduct meaningful oversight,

b. Enforce correction plans,

c. Investigate noncompliance, or

d. Ensure delivery of compensatory services.

45. This failure violates 20 U.S.C. § 1412(a)(11) and corresponding federal regulations.

## COUNT VIII – VIOLATION OF FEDERAL FAPE REQUIREMENTS

**(Against Arkansas Department of Education)**

46. 34 C.F.R. §§ 300.101–102 require that FAPE be available to all eligible children aged 3 through 21, including those suspended or expelled and regardless of academic promotion.

47. ADE failed to enforce:

a. FAPE beginning at age 3,

b. Timely implementation of IEPs under § 300.323(b),

   c. Protections for a child promoted despite regression, and

   d. Safeguards for medically complex students.

   48. This failure enabled District misconduct and directly harmed Vivian.

## COUNT IX – FELONY TORT: FELONY NEGLECT (Ark. Code Ann. §§ 5-27-206, 16-118-107)

**(Against Hot Springs School District)**

   49. The District acted as a caretaker for Vivian. She was dependent upon their supervision, feeding, toileting, and protection during school hours.

   50. Allowing her to sleep unattended, denying medical accommodations, and removing required aides placed her at substantial risk of harm.

   51. These actions constitute felony neglect under Arkansas law and are actionable as felony tort.

## COUNT X – EMOTIONAL AND PHYSICAL DISTRESS, THERAPY, AND PUNITIVE DAMAGES

**(Against Hot Springs School District)**

   52. Plaintiff and Vivian experienced extreme emotional distress, including fear, anxiety, frustration, helplessness, and trauma.

   53. Vivian's seizures intensified. Plaintiff was forced to pursue outside therapy for both herself and Vivian due to breakdowns in the school relationship.

54. The District's indifference to Vivian's safety and learning was knowing, deliberate, and malicious.

55. Plaintiffs seek compensatory damages for mental anguish, physical injury, and therapy costs, and punitive damages for the District's willful misconduct.

**COUNT XI – PROSPECTIVE INJUNCTIVE RELIEF UNDER *EX PARTE YOUNG***

**(Against Jacob Oliva, in his official capacity as Commissioner of the Arkansas Department of Education)**

56. Plaintiffs incorporate all preceding paragraphs.

57. Plaintiffs seek prospective injunctive relief under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), against Jacob Oliva, in his official capacity as Commissioner of the Arkansas Department of Education.

58. The Arkansas Department of Education (ADE), through the Commissioner, is the State Education Agency (SEA) responsible for ensuring that all public-school districts in Arkansas comply with the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act, and Title II of the ADA.

59. As Commissioner, Defendant Oliva has direct supervisory authority over the Division of Elementary and Secondary Education (DESE), which is charged with ensuring compliance with federal education mandates.

60. Defendant Oliva has failed to exercise his enforcement authority to investigate, supervise, or compel the Hot Springs School District to comply with federal law, despite clear notice of its failures.

61. Plaintiff seeks prospective injunctive relief requiring Defendant Oliva to:

a. Ensure the provision of all compensatory education services due to Vivian Allen for denied physical therapy, occupational therapy, speech therapy, and other IEP-related services;

b. Mandate that the District provide Vivian a qualified one-on-one aide with training in seizure management and autism-related care;

c. Supervise and enforce compliance with IDEA-mandated IEP implementation for Vivian Allen going forward;

d. Investigate systemic deficiencies in special education oversight at the District level and take corrective action pursuant to 34 C.F.R. §§ 300.600–300.608.

62. This relief is authorized under the doctrine of *Ex parte Young*, which permits injunctive relief against a state official in their official capacity to remedy ongoing violations of federal law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter declaratory judgment that Defendants Hot Springs School District and Arkansas Department of Education violated Vivian Allen's rights under the IDEA, Section 504 of the Rehabilitation Act, Title II of the ADA, and the Arkansas Civil Rights Act;

2. Enter judgment awarding compensatory damages for:

a. Emotional distress, trauma, and mental anguish suffered by Vivian Allen and her family;

b. Educational regression and developmental harm caused by the denial of FAPE;

c. Out-of-pocket and future therapy expenses;

d. Physical injury and increased medical risk due to unsupervised seizure incidents;

3. Award compensatory education for all missed or inadequately delivered services, including but not limited to:

a. Speech-language therapy;

b. Occupational therapy;

c. Physical therapy;

d. One-on-one instructional support;

4. Award punitive damages for the reckless, willful, and wanton misconduct of Hot Springs School District;

5. Award statutory attorney's fees and costs under the IDEA, 42 U.S.C. § 1415(i)(3)(B), and other applicable statutes;

6. Grant Declaratory and prospective injunctive relief under *Ex parte Young* against Jacob Oliva, in his official capacity as Commissioner of the Arkansas Department of Education, as follows:

a. Order Defendant Oliva to require Hot Springs School District to immediately assign a qualified, trained one-on-one aide for Vivian Allen consistent with her IEP and medical needs;

b. Order Defendant Oliva to ensure the full delivery of compensatory educational services owed to Vivian Allen;

c. Require Defendant Oliva to investigate systemic failures in the District's special education practices and implement compliance measures under 34 C.F.R. §§ 300.600–300.608;

d. Enjoin Defendant Oliva to supervise the continued implementation and enforcement of Vivian Allen's IEP to prevent further deprivation of FAPE;

7. Grant such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910  Office
501/315-1916  Facsimile
Attorneys for the Plaintiffs

By:     /s/ Luther Oneal Sutter
        Luther Oneal Sutter, Esq., ARBN 95-031
        luther.sutterlaw@gmail.com

By:     /s/ Lucien R. Gillham
        Lucien R. Gillham, Esq. ARBN 99-199
        lucien.gillham@gmail.com